IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>RATOMIR VUKASINOVIC,<br><br>    Defendant.<br>                                                   / | No. CR 05-00350 WHA<br><br>**ORDER DENYING (1) MOTION TO ORDER CONDITIONAL PLEA AGREEMENT AND (2) MOTION TO DISMISS** |

## INTRODUCTION

In this prosecution for illegal re-entry into the United States, defendant Ratomir Vukasinovic moves for an order requiring the government to "consent" to a conditional plea under Federal Rule of Criminal Procedure 11(a)(2). He claims the government arbitrarily withheld such consent in alleged violation of the Due Process Clause. Defendant moves, in the alternative, for dismissal of the indictment on grounds that the prosecution has engaged in misconduct by retaliating against him for exercising his due-process right to file a motion to dismiss. Defendant claims that such retaliation took the form of refusing to consent to a conditional plea and of refusing to agree to support Mr. Vukasinovic's anticipated effort to get a sentence reduction for accepting responsibility. There is insufficient evidence of government misconduct. The motions therefore are **DENIED**.

## STATEMENT

On October 28, 2005, this Court denied defendant's motion to dismiss the indictment. Defendant had contended that the order deporting him had been invalid due to unfair

proceedings leading up to it. On November 8, defendant informed the Court that he hoped to enter a conditional plea of guilty, thus preserving his right to appeal the denial of his motion to dismiss. Neither the Court nor the government has yet consented to entry of such a plea.

On November 9, defense counsel wrote a letter to the government stating that his client accepted full responsibility for committing the charged offense and was willing to stipulate to all factual elements of the crime. Defense counsel also stated that defendant would waive his right to a jury trial and requested that the government consent to a conditional plea. Defendant did not actually waive his jury right then (Br., Attach. A, Letter from Daniel Blank, Ass't Fed. Public Defender, to Joseph Fazioli, Ass't U.S. Att'y). On December 19, defense counsel wrote a letter to the prosecuting attorney's supervisor repeating the substance of the earlier letter and alleging that the failure to consent to a conditional plea was arbitrary and violated the Due Process Clause. Defense counsel further accused the prosecuting attorney of stating that the government would not support a lower sentence even if defendant accepted responsibility by stipulating that he committed the crime. Defense counsel stated that "such a position constitutes misconduct because it effectively holds [support for full sentencing credit] hostage for Mr. Vukasinovic to forfeit his right to appeal" (Br., Attach. B, Letter from Mr. Blank to Douglas Sprague, Ass't U.S. Att'y). The prosecuting attorney has denied "categorically" that he said these things to defense counsel. On December 23, defendant agreed to stipulate to the truth of the elements of the charged offense (Br., Attach. C, Vukasinovic Stip.). On January 17, 2006, in open court, defendant waived his right to a jury trial. The bench trial is now set to begin on January 30.

**ANALYSIS**

Federal Rule of Criminal Procedure 11(a)(2) allows a defendant to plead guilty or nolo contendere yet reserve the right to appeal an adverse determination on a specified pretrial motion. To enter such a plea, the defendant must first obtain the consent of the government and the court. The Due Process Clause of Fifth Amendment bars the federal government from depriving any person of "life, liberty, or property without due process of law."

2

Defendant claims that the government violated his due-process rights when it "arbitrarily withheld consent" to the conditional guilty plea. He also argues that the government's withholding of consent was unconstitutional retaliation for exercising his right to file the original motion to dismiss. (Although he makes this argument only in the section seeking dismissal of the indictment, this order also addresses it vis-a-vis the request to compel the government to support a conditional guilty plea.) Defendant claims that the government's consent is merely to ensure that defendants do not use Rule 11(a)(2) to appeal non-dispositive issues, thus building prejudicial delay into the government's case. In the instant case, that is not a concern because the pretrial order defendant wishes to appeal was on a motion to dismiss the indictment. Although counsel suggests that the proper relief in this case is to force the government to "consent" to entry of the plea, he has not identified any decision in which a court allowed the entry of a conditional plea without the government's freely given agreement.

Defendant relies primarily on *Wade v. United States*, 504 U.S. 181 (1992). *Wade* held that district courts may grant a defendant relief if a prosecutor refuses — for an unconstitutional reason — to move for a sentence reduction despite the defendant's provision of substantial assistance to the government. The Supreme Court held that a defendant is not entitled to a hearing or discovery on that issue unless he or she makes more than generalized allegations of improper motive and representations that the defendant provided substantial assistance. *Id.* at 185–86. The Ninth Circuit clarified that a defendant has no right to discovery, an evidentiary hearing or a remedy unless he or she makes "a substantial threshold showing with specific allegations of the improper reasons." *United States v. Delgado-Cardenas*, 974 F.2d 123, 126 (9th Cir. 1992). The Supreme Court said in *Wade* that improper motives include racial and religious discrimination, or any other reason "not rationally related to any legitimate Government end." 504 U.S. at 185–86.[*]

Since *Wade*, courts of appeals have defined the constitutional contours of prosecutorial discretion in the area of sentence-reduction motions. They have held that it was improper to fail

---

[*] *Wade* and its progeny concern sentencing-reduction motions pursuant to both U.S. Sentencing Guidelines Section 5K1.1 and 18 U.S.C. 3553(e).

3

1  to make the motion in retaliation for the defendant's decision to exercise his right to a trial and
2  in an attempt to ensure a defendant's continued cooperation. *See United States v. Treleaven*, 35
3  F.3d 458, 461 (9th Cir. 1994) (collecting cases from other circuits). In the Ninth Circuit, relief
4  also was authorized when the government circumvented defendant's counsel in getting
5  defendant's cooperation, thus preventing the attorney from negotiating with the government
6  over the motion. *Id.* at 461–62. It was also proper when the government breached a plea
7  agreement. *United States v. De la Fuente*, 8 F.3d 1333, 1341 (9th Cir. 1993).

8       Even assuming, arguendo, that *Wade* were extended to Rule 11(a)(2) issues such as the
9  one here (something no court is known to have done), defendant would not be entitled to relief,
10  much less a hearing or discovery. He has not made a substantial threshold showing that the
11  government acted with improper motive. He alleges an arbitrary decision, which the Supreme
12  Court defined as one "not rationally related to any legitimate Government end." *Wade*, 504
13  U.S. at 186. Defendant suggests that the decision here must be arbitrary because the pretrial
14  motion he wishes to appeal is clearly dispositive. But the government is not limited to
15  withholding consent only when the appeal would not be case-dispositive. The government's
16  veto under Rule 11 may help prevent delaying tactics. Rule 11 Advisory Committee Notes,
17  1983 Amendments. But this is a *justification* for granting the government such discretion, not a
18  *limit* on that discretion. Defendant therefore has not shown that the government's decision was
19  arbitrary. Furthermore, under *Wade* the slimmest of reasons qualifies as one rationally related
20  to a legitimate governmental purpose. In *Wade*, the Supreme Court stated that it would have
21  been rational for the government not to support a reduced sentence simply on grounds that the
22  costs of so moving would outweigh the benefits. 504 U.S. at 187.

23       For all this record shows, the prosecution simply wishes to conserve its limited
24  resources to meet matters of greater substance than the theory on which the motion to dismiss
25  was grounded.

26       Defendant also has made no substantial threshold showing that the government is not
27  consenting to a conditional plea in retaliation for his original motion to dismiss. Neither of the
28  letters submitted by defense counsel contain evidence of such a motive. Even if he had made

4

such allegations in those letters, that would not be sufficient to merit further inquiry. If such were the rule, any defense attorney could force a prosecutor to defend his actions with evidence merely by making unsupported allegations of misconduct. This would bog down prosecutions without a proportionate benefit.

\*　　　　　　　　　　\*　　　　　　　　　　\*

Defendant also contends alternatively that the prosecutor is engaged in such serious misconduct as to merit dismissal of the indictment. Such misconduct, he claims, is retaliation for the original motion to dismiss. He claims it came in two ways: the government's refusals to consent to a conditional plea and to agree to recommend full sentencing credit for acceptance of responsibility.

Defendant does not make a persuasive showing on these point. *First*, the evidence is weak. The only proof defendant supplies is his counsel's statement that the prosecuting attorney "told me . . . the government would not agree to recommend full credit for acceptance of responsibility since he litigated a motion to dismiss" (Br., Attach. B, Letter to D. Sprague). The prosecuting attorney contradicts that statement, saying that the government has made no final decision on what length of sentence to recommend. That makes sense, given that the defendant has neither agreed to plead guilty nor been convicted. The prosecutor also states that he has never told defense counsel that government might oppose full credit "solely" because defendant moved to dismiss the case.

*Second*, even if the government had made such a decision, it would not be retaliatory because defendant does not qualify now for a full reduction for acceptance of responsibility. Section 3E1.1(b), the Sentencing Guidelines provision dealing with acceptance of responsibility, states that a qualifying defendant must "timely notify authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial." This case is set for trial in just ten days. The government already filed motions in limine. Although defendant earlier notified the government of his desire to plead guilty conditionally, that is not the same as a unilateral guilty plea of the type contemplated by Section 3E1.1(b). It makes no sense that a defendant could automatically qualify for full credit solely because he offered to

5

plead guilty conditionally. If that were the law, a defendant could offer to plead guilty conditionally, see that offer rejected by the government or the court, *proceed to trial*, then still claim credit under a sentencing provision designed specifically to reward those who *do not go to trial*.

As stated above, defendant makes no persuasive case that the government is retaliating against him for his prior motion to dismiss by not consenting to the conditional plea. Even if the government was engaged in the misconduct alleged, it probably would not warrant a remedy, must less dismissal of the indictment. Normally, the remedy for a constitutional violation must be tailored to the actual *effect* of the violation. Even serious government misconduct in a criminal proceeding is normally not entitled to relief in the proceeding itself unless there is "demonstrable prejudice, or substantial threat thereof." *See United States v. Morrison*, 449 U.S. 361, 365–66 (1981). No such threat or prejudice has been shown here. Even if defendant cannot plead guilty conditionally, he may proceed by a stipulated facts bench trial and move quickly to the Ninth Circuit.

*                    *                    *

This order does not rely in any way on defendant's failure to properly support this motion with admissible evidence. As noted by the Court at the hearing, defendant's two letters by counsel are not authenticated by declaration. All "[m]otions presenting issues of fact shall be supported by affidavits or declarations . . . ." Crim. L.R. 47-2(b). At the hearing on this motion, the Court pointed out that defense counsel himself had invoked this rule against the government in a different case. Defense counsel stated in court and in a post-hearing letter that he had no record or recollection of ever taking such a position. Raising the specter of ineffective assistance of counsel, he asked for clarification. Here it is: Defense counsel invoked this rule on pages three and four of his opening brief on a motion to suppress in *United States v. Olivia*, No. CR 05-580 WHA (motion denied Jan. 11, 2006, N.D. Cal.). In that case, defense counsel was making the point that the motion ought to be granted if the government did not meet its burden of production. He wrote:

> Northern District Local Criminal Rule 47-1 requires that noticed motions be made pursuant to Criminal Local Rule 47-2. That rule

6

requires that litigation involving issues of fact must be supported by affidavits or declarations:

> (b) Format: Except as otherwise specifically provided, the format of motions shall comply with the requirements of Civil L.R. 7-2(b) and (c). Motions presenting issues of fact shall be supported by affidavits or declarations which shall comply with the requirements of Civil L.R. 7-5. Crim. L.R. 47-2(b).

Civil Local Rule 7-5 clearly specifies the requirements of affidavits or declarations offered in support of motions:

> 7-5. Affidavit or Declaration
> (a) Affidavit or Declaration Required: Factual contentions made in support of or in opposition to any motions should be supported by an affidavit or declaration and by appropriate references to the record. Extracts from depositions, interrogatory answers, requests for admission and other evidentiary matters must be appropriately authenticated by an affidavit or declaration.

. . . If the government believes that the seizure and search fall within one of the exceptions to the Fourth Amendment warrant requirement, an affidavit or declaration will be necessary to support that factual assertion. . . .

Until the government has met its evidentiary burden of identifying a Fourth Amendment exception, however, the seizure and search are presumptively unconstitutional and all fruits deriving from it must be suppressed.

Defense counsel should not try to have it both ways and selectively invoke or ignore the rules as it suits him. This time, the violation of the rule will be overlooked. The motion is denied on the merits.

## CONCLUSION

For the reasons stated above, all relief requested under the motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 20, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE